UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAN TANDON, | Case No. 2:25-cv-02111-DJC-CSK PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS |
| COINBASE, INC., et al., | |
| Defendants. | (ECF No. 2) |

Pending before the Court is Plaintiff Karan Tandon's motion to proceed in forma pauperis.[1] (ECF No. 2.) Plaintiff proceeds without counsel in this action. Plaintiff has initiated this action with a civil complaint and an application to proceed in forma pauperis. (ECF No. 1, 2.) For the reasons that follow, the Court recommends DENYING Plaintiff's motion to proceed in forma pauperis.

I.  **LEGAL STANDARDS**

In order to commence a civil action, along with the complaint, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees" by an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an [in forma pauperis] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

## II. DISCUSSION

Plaintiff's affidavit in support of his motion does not demonstrate Plaintiff's inability to pay the court costs and still afford the necessities of life when Plaintiff filed this suit. According to the affidavit, Plaintiff receives $1,000 per week in take-home pay or wages. Pl. Mot. at 1 (ECF No. 2). Plaintiff also states that he has a 40% ownership stake in a business that earns revenue of about $19,052 per month, and a rental property (purchased via a mortgage) that provides $3,800 per month in rent. *Id.* at 1. Plaintiff states he has between $175,000 and $200,000 in cash or in a bank account. *Id.* at 2. In terms of expenses, Plaintiff states that he has about $10,000 per month in expenses and he supports his three children. *Id.* Plaintiff has two houses with about $1 million in total debt. *Id.*

Thus, Plaintiff has indicated a regular source of income and a large sum of funds in cash or in a bank account. While § 1915(a) does not require a litigant to be "absolutely destitute," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). Plaintiff has not done so.

Because Plaintiff does not make an adequate showing of indigency for in forma pauperis status, Plaintiff will be granted 30 days from the date these findings and recommendations are adopted in which to submit the filing fee and administrative fee to the Clerk of the Court in order to proceed with this case. Plaintiff is cautioned that failure to pay the court costs will result in a recommendation that the application to proceed in forma pauperis be denied and the present action be dismissed.

### III. CONCLUSION

In conclusion, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff shall pay the filing fee and administrative fee within thirty (30) days from the date these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 29, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, tand.2111.25