UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARAN TANDON,<br><br>         Plaintiff,<br><br>    v.<br><br>COINBASE, INC., et al.,<br><br>         Defendants. | Case No. 2:25-cv-02111-DJC-CSK PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO STAY<br><br>(ECF No. 6) |

Plaintiff Karan Tandon, who is proceeding pro se, brings this action against Defendants Coinbase, Inc. ("Coinbase"), Google LLC ("Google"), and John Dee.[1] (ECF No. 1.) Pending before the Court is Plaintiff's "emergency motion for injunctive relief to stay all collection activities pending resolution of litigation." (ECF No. 6.) The Court construes this as a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file

For the reasons that follow, the Court recommends DENYING Plaintiff's motion. Further, the Docket reflects that Plaintiff has paid the filing fee in this action. *See* Docket. Therefore, the Court VACATES the findings and recommendations that recommend

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

denying Plaintiff's motion to proceed in forma pauperis as the issue is moot. (ECF No. 5.) The Court also DENIES Plaintiff's motion to proceed in forma pauperis as moot. (ECF No. 2.)

## I.   BACKGROUND

### A.   Factual Allegations

Plaintiff brings this case against Defendants Coinbase, Google, and John Dee, an unidentified individual. Compl. (ECF No. 1). Plaintiff alleges that Defendant Coinbase violated the Electronic Fund Transfer Act ("EFTA"), Defendant Dee violated the Computer Fraud and Abuse Act ("CFAA"), and Defendant Google enabled negligence and ongoing victim endangerment. *Id.* ¶¶ 8-15. Plaintiff alleges that Defendant Dee orchestrated a cyberattack on July 23, 2025 that was "enabled by the gross negligence" of Defendants Google and Coinbase. *Id.* ¶ 1. Plaintiff received a phone call from a number identified on his phone as a Google support line. *Id.* ¶ 2. Plaintiff answered the call made by Defendant Dee, who falsely impersonated a Google employee. *Id.* ¶ 3. Plaintiff alleges that he granted Defendant Dee access to his gmail account, which compromised the account. *See id.* ¶ 4. Using the gmail account as a "master key," Defendant Dee and his female accomplice executed unauthorized trades on Plaintiff's Coinbase account, depleting a $10,000 balance from Plaintiff's Citibank account. *Id.* ¶ 4; *id.* at 7. Plaintiff alleges that immediately following these unauthorized transactions, Defendant Dee claimed that Plaintiff's funds were at risk and needed to be moved to a secure hardware wallet for protection. *Id.* ¶ 5. Plaintiff alleges Defendant Dee deceived him into revealing the security key for his Ledger hardware wallet and then executed a second unauthorized transfer from the wallet, totaling approximately $15,054.30. *Id.* ¶ 6. The total alleged loss is $25,054.30. *Id.* ¶ 7. Plaintiff also filed a police report in El Dorado County. *Id.* at 8.

In an addendum to Plaintiff's Complaint filed on July 30, 2025, Plaintiff states that Citibank resolved the dispute in Plaintiff's favor and reversed the $10,000 transfer to Coinbase and credited the funds back to Plaintiff's account. (ECF No. 3 at 3.) Plaintiff

alleges that despite this, Coinbase is continuing collection activities against Plaintiff. *Id.* In a second addendum to the Complaint filed on August 4, 2025, Plaintiff alleges that Defendant Dee tried to contact Plaintiff's wife by phone. (ECF No. 4 at 1.)

In Plaintiff's emergency motion, Plaintiff seeks an order enjoining Defendant Coinbase and its agents from any collection or reporting activity concerning the negative balance in Plaintiff's account until the Court renders a final judgment. Pl. Mot. at 1 (ECF No. 6). Plaintiff states that he filed formal police and federal complaints. *Id.* Plaintiff states that any ongoing efforts by Defendant Coinbase to collect, report, or assign the debt during the litigation would cause him irreparable harm. *See id.*

### B.     Procedural Posture

Plaintiff initiated this action by filing a Complaint and a motion to proceed in forma pauperis on July 29, 2025. (ECF Nos. 1, 2.) Plaintiff filed two addendums to his Complaint. (ECF Nos. 3, 4.) On September 29, 2025, the Court recommended denying Plaintiff's motion to proceed in forma pauperis and recommended that Plaintiff pay the filing and administrative fees within thirty days from the date the findings and recommendations were adopted. (ECF No. 5.) On September 30, 2025, Plaintiff filed the pending motion titled "motion to stay collections" and also "emergency motion for injunctive relief to stay all collection activities pending resolution of litigation." (ECF No. 6.) The Docket reflects that on October 20, 2025 Plaintiff paid the filing fee. *See* Docket.

## II.    DISCUSSION

### A.     Plaintiff's Motion for Emergency Relief is Procedurally Deficient

Plaintiff has filed a motion titled "motion to stay collections," and "EMERGENCY MOTION FOR INJUNCTIVE RELIEF TO STAY ALL COLLECTION ACTIVITIES PENDING RESOLUTION OF LITIGATION" against Defendant Coinbase, Inc. and its agents. (ECF No. 6.) The Court construes this as a motion for a temporary restraining order under Rule 65.

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a temporary restraining order without notice to the adverse party only if (1) specific facts in the

1. affidavit or underlying pleading show that immediate and irreparable injury, loss, or
2. damage will result before the opposing party may be heard; and (2) the movant certifies
3. in writing efforts made to give notice and the reasons why notice should not be required.
4. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural
5. mandates for a temporary restraining order to issue, including that the movant provide
6. the following documents:  (1) a complaint; (2) a motion for temporary restraining order;
7. (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of
8. irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing
9. good cause why notice should not be given; (6) a proposed temporary restraining order
10. and provision for bond; (7) a proposed order with blank for fixing time and date for a
11. hearing; and (8) where a temporary restraining order is requested ex parte, the proposed
12. order should also notify the affected parties of the right to apply to the Court for
13. modification or dissolution on two (2) days' notice or such shorter notice as the Court
14. may allow. E.D. Cal. Local Rule 231(c).

15.     Plaintiff's temporary restraining order motion is procedurally deficient because
16. Plaintiff has not complied with the requirement to provide notice to all affected parties.
17. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(a) & 231(c)(5). Plaintiff's entire
18. motion is one page long. Plaintiff has not provided any details regarding whether he has
19. provided actual notice, whether he tried to use reasonable efforts, or whether he should
20. not be required to provide notice. There is no reference in Plaintiff's motion or in the
21. docket regarding any such efforts. *See* Pl. Mot.; Docket. Further, neither Defendant has
22. appeared in this case and there is no evidence that Plaintiff served this motion on
23. Defendant Coinbase.

24.     Plaintiff failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because
25. he did not make efforts to provide notice of his motion to Defendant Coinbase, and did
26. not provide reasons why notice on Defendant Coinbase should not be required. *See* Pl.
27. Mot. Courts regularly deny temporary restraining orders for failing to comply with the
28. stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See*

4

*Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte temporary restraining order"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, Plaintiff's failure to comply with the Local Rules' requirements for temporary restraining orders is sufficient justification to deny the motion.[2] *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Court therefore recommends denial of Plaintiff's motion for emergency relief based on these procedural deficiencies.

## III.     FILING FEE

On September 29, 2025, the Court issued findings and recommendations that recommended Plaintiff's motion to proceed in forma pauperis be denied. (ECF No. 5.) The Court recommended that Plaintiff pay the filing and administrative fees within thirty days from the date the findings and recommendations were adopted. *Id.* The Docket reflects that on October 20, 2025, Plaintiff paid the required fees. *See* Docket. Accordingly, the findings and recommendations issued on September 29, 2025 (ECF No. 5) are VACATED, and Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot.

## IV.     CONCLUSION

Based upon the findings above, it is ORDERED that:

1. The findings and recommendations issued on September 29, 2025 (ECF No. 5) are VACATED; and

---

[2] In addition, Plaintiff did not submit the proposed orders required by Local Rule 231(c)(6)-(8) or the TRO Checklist.

    2.       Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot.

Further, it is RECOMMENDED that Plaintiff's motion for emergency relief (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 5, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, tand.2111.25